Walter A. Lynch, J.
Defendant, the judgment debtor herein, moves to vacate and set aside an execution issued to the Sheriff pursuant to section 512 of the Civil Practice Act and *765 the levy made thereunder. It appears that on September 30, 1931, the plaintiffs obtained a judgment against the defendant for the sum of $11,923.85 by reason of defendant’s failure to pay on a collateral bond executed by him and given as additional security of a real estate mortgage, which judgment was duly entered in the office of the Clerk of New York County; that plaintiffs did not communicate with defendant or take any action in respect to said judgment and no part thereof has been paid; that on May 26, 1945, more than 13 years after the entry of said judgment, the defendant filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York and in his schedules listed said judgment, and on that day was adjudicated a bankrupt; that thereafter the defendant duly filed a petition for discharge and there being no opposition thereto, was on September 27, 1945, “ discharged from all debts and claims which were made provable by said Act against his estate, except such debts as are, by such Act, excepted from the operation of discharge in bankruptcy ’ ’; that, after a search to ascertain the addresses of the judgment creditors which presented a difficult problem by reason of the long period which elapsed since the entry of said judgment, the judgment debtor, the defendant herein, set forth in his schedules attached to his voluntary petition in bankruptcy the following: ‘ ‘ Hyman Shire, Grussie G-reenblatt, Bertha Greenblatt and Morris Groldzimer; residences of said creditors are unknown to petitioner except that the last known place of residence of said Hyman Shire is 806 East 171st Street, Borough of Bronx, and his last known place of business is at 30 West 36th Street, New York City, Manhattan. The attorney who perfected said judgment is H. Louis Jacobsen, P.O. Address as stated in the papers in the action was 521-5th Avenue, New York City.
Supreme Court — N.Y. Co.
September 30,1931 — N.Y. Co. $11,923.85 ’ ’
More than 11 years passed since the defendant was discharged in bankruptcy during which time the plaintiffs took no steps in respect to said judgment. On January 4, 1957, approximately 25 years after the entry thereof, the judgment creditors bring a supplementary proceeding based on said judgment. In his affidavit submitted in the supplementary proceeding the attorney for the judgment creditors states that the said judgment has not been vacated or barred by the Statute of Limitations and remains wholly unpaid; that this judgment has been extended by a voluntary acknowledgment, in writing dated May 26, 1945, by the judgment debtor, the defendant herein. *766 Neither the alleged voluntary acknowledgment nor a copy thereof was annexed to the affidavit. The judgment creditors obtained an order against the Chemical Corn Exchange Bank, which allegedly had property of the judgment debtor, to appear for examination, which order temporarily restrained the disposition of same. Thereafter, the judgment creditors’ attorney issued an execution to the Sheriff of the City of New York, New York County, and delivered to the Sheriff a notice of levy on two specified parcels of real estate and the same was caused to be filed and indexed in the county clerk’s office. Apparently no attempt was made to levy on any personal property of defendant.
Section 650 of the Civil Practice Act provides: ‘ Except as otherwise specifically prescribed by law, the party recovering a final judgment, or his assignee, may have execution thereupon, of course, at any time within five years after the entry of the judgment. ’ ’
Section 651 of the Civil Practice Act provides: “ After the lapse of five years from the entry of a final judgment, execution can be issued thereupon in one of the following cases only:
“ 1. Where an execution was issued thereupon within five years after the entry of the judgment, and has been returned wholly or partly unsatisfied or unexecuted.
“ 2. Where an order is made by the court granting leave to issue the execution.”
Section 640-a of the Civil Practice Act provides:
“ 1. An execution issued in any case provided for by subdivision one of section six hundred fifty-one must specify the date or dates when the original execution or executions was or were issued and whether it or they were executed and, if executed, whether it or they were returned wholly or partly unsatisfied.
“2. An execution issued in any case provided for by subdivision two of section six hundred fifty-one must specify the date of the order granting leave to issue the same and the name of the judge or justice granting the same.”
Inasmuch as no previous execution had been issued, the judgment creditors were compelled under the provisions of subdivision 2 of section 651 of the Civil Practice Act to obtain an order granting leave to issue execution.
Section 652 provides that notice of application for such order must be served personally upon the adverse party if he is a resident of the State and personal service can be made upon him therein with reasonable diligence. It appears that the *767 judgment debtor has resided at the same address in New York City since 1926 and could have been served personally with a notice of application for such order without much difficulty.
The judgment creditors have failed to comply with the provisions of the Civil Practice Act relating to executions and, therefore, motion is in all respects granted, without prejudice to any action on the judgment the judgment creditors may be advised to bring. Settle order.