Thomas Bornstein, Appellant, *v.* Wilbur G. Silverman, Respondent, et al., Defendants.

First Department, December 15, 1959.

*Copal Mintz* for appellant.

*Wilbur G. Silverman,* respondent in person.

*Per Curiam.* This suit arises out of the execution and levy and ex parte injunctions in supplementary proceedings against plaintiff, a judgment debtor, which were vacated in *Shire* v. *Bornstein* (6 Misc 2d 764, affd. 4 A D 2d 74, affd. 4 N Y 2d 299). In the first cause of action, defendant — an attorney under whose direction the void execution and levy were procured — is sued for the damages incurred in vacating them. The second cause

is for the expenses attendant upon procuring the vacatur of the supplementary proceedings. We sustained the complaint herein as a pleading in *Bornstein* v. *Silverman* (7 A D 2d 978).*

Defendant has attempted to raise a triable issue as to the first cause of action by asserting that he acted in good faith in issuing the execution. However, since the process was issued without prior judicial approval, and was void (*Levine* v. *Bornstein*, 4 N Y 2d 241), the good faith on the part of the defendant attorney is immaterial and constitutes no defense. (*Kerr* v. *Mount*, 28 N. Y. 659.) Moreover, the fact that defendant was acting as an attorney does not afford him any privilege or immunity. (*Vernes* v. *Phillips*, 266 N. Y. 298, 300.) Equally futile is the claim that there was no actual seizure or damage of a physical nature to the realty of the judgment debtor upon which an actual trespass may be predicated. When the levy was filed it became a lien on the property of plaintiff. That is enough to ground a cause of action to recover compensatory damages sustained in vacating the execution and levy. Hence, there is no triable issue as to the first cause of action and there must be an assessment of plaintiff's damages.

As to the second cause of action, since defendant did initially obtain judicial approval upon the issuance of the third-party orders, an action in the nature of trespass does not lie (*Bornstein* v. *Levine*, 7 A D 2d 843 and cases cited therein). But we sustained the second cause as a pleading because of the allegation that defendant had deliberately and maliciously withheld from the court that issued the third-party orders the fact of plaintiff's discharge in bankruptcy. The affidavits on the motion for summary judgment present a triable issue as to defendant's motives and good faith. Hence, the motion was properly denied as to the second cause.

Since the same amount is sought in each cause of action for the services and expenses, and the total judgment asked for is limited to that one amount, the assessment of damages to be directed as to the first cause should await the trial as to the second cause. A successful defense as to the second cause, following a trial, might possibly affect the recovery as to the first cause in view of the admitted fact that all of plaintiff's damages were sustained in the single, unified proceeding in *Shire* v. *Bornstein* (4 N Y 2d 299). Hence, the assessment as to the first cause should be stayed pending trial of the second

---

* The difference between this decision and *Bornstein* v. *Levine* (7 A D 2d 843) — a related case — rests on the fact that in the second cause of action in the instant complaint it is charged, unlike *Bornstein* v. *Levine*, that the third-party restraining order was obtained by wrongfully withholding facts from the court.

cause unless plaintiff discontinues the second cause, in which event the assessment may proceed.

The order should be modified on the law and the facts to the extent of granting plaintiff's motion for summary judgment as to the first cause of action and directing an assessment of damages as to that cause, with costs to appellant. As to the second cause of action the denial of summary judgment should be affirmed; and, unless plaintiff discontinues the second cause, the assessment directed as to the first cause of action should be stayed pending trial of the second cause of action.

BREITEL, J. P., RABIN, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Order unanimously modified on the law and on the facts to the extent of granting plaintiff's motion for summary judgment as to the first cause of action and directing an assessment of damages as to that cause, with costs to appellant. As to the second cause of action the denial of summary judgment affirmed; and, unless plaintiff discontinues the second cause, the assessment directed as to the first cause of action stayed pending trial of the second cause of action.

Settle order.