■ STANLEY SILBERSTEIN, Appellant, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Respondents. — In an action to recover damages for the wrongful issuance of execution against plaintiff's bank account, he appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated February 17, 1982, which denied his application for a default judgment. Order

reversed, on the law, with costs, plaintiff's application for a default judgment granted, and matter remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. Presbyterian Hospital obtained a default judgment against plaintiff and recovered $2,005 after serving an execution upon his bank account. Thereafter, the judgment was vacated after plaintiff moved for such relief on the ground of lack of personal jurisdiction. Although his money was returned, plaintiff commenced this action against the hospital and its law firm to recover damages arising out of the wrongful execution. The complaint alleged that defendants knew or should have known that the default judgment and the execution were void, and that as a result of the execution plaintiff suffered "inconvenience, embarrassment and financial hardship". After service of the complaint, plaintiff agreed to extend the defendants' time to answer until April 3, 1981 and settlement was discussed during that month. However, on April 27, 1981 an impasse was reached and it was agreed that an answer would be filed by the defendant law firm on behalf of itself and the hospital. When none was received, plaintiff's attorney inquired on August 27, 1981 as to when an answer would be served and was assured by the defendant law firm that it would be served immediately. Nonetheless, no answer was forthcoming and five weeks later plaintiff moved for a default judgment. An answer was finally served a month later as part of defendants' opposition papers. Defendants opposed the application for a default judgment on the grounds that the complaint did not state a cause of action, that the delay was excused by the need to check hospital records in order to interpose a counterclaim for plaintiff's unpaid hospital bill, and that the plaintiff acquiesced in the delay. Special Term denied the motion. We reverse. A plaintiff seeking a default judgment under CPLR 3215 (subd [e]) must present prima facie proof of a cause of action (*Wine Antiques v St. Paul Fire & Mar. Ins. Co.,* 40 AD2d 657, affd 34 NY2d 781; *Howard Oil Co. v Morris,* 90 Misc 2d 713; *Matter of Sullivan,* 65 Misc 2d 461). While a default admits all factual allegations of the complaint and all reasonable inferences therefrom, it does not admit legal conclusions which are reserved for the court's determination (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.25). Although plaintiff did not label the theory of his complaint and on appeal still fails to classify it, it is our obligation to inquire as to whether it states in some recognizable form any cause of action (see *Foley v D'Agostino,* 21 AD2d 60, 65). We conclude that the complaint sufficiently alleges a cause of action for wrongful issuance of execution (see, generally, 33 CJS, Executions, § 452; 9 Carmody-Wait 2d, NY Prac, § 64:176). If process is vacated because of irregularity, e.g., lack of jurisdiction, an action may be brought after the vacatur in the nature of trespass (*Day v Bach,* 87 NY 56; *Siegel v Northern Blvd. & 80th St. Corp.,* 31 AD2d 182). The judgment and execution afforded no protection to the defendants because following vacatur they became trespassers *ab initio* and liable for the consequences of their acts as if the judgment and execution never existed (see *Fischer v Langbein,* 103 NY 84; *Siegel v Northern Blvd. & 80th St. Corp., supra; Bornstein v Levine,* 7 AD2d 843). The defendant law firm has no privilege or immunity because an attorney is liable if he causes irregular process to be issued which occasions loss to the party against whom it is enforced (*Vernes v Phillips,* 266 NY 298; *Bornstein v Silverman,* 9 AD2d 363). Thus, plaintiff has met his burden of demonstrating a prima facie cause of action. We also reject the excuses proffered by the defendants. The hospital's prior action to recover for services rendered the plaintiff belies their claim that an answer could not be interposed because the hospital bill was complicated. The excuse clearly is law office failure (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *John Malasky, Inc. v Mayone,* 54 AD2d 1059). Furthermore, it was unreasonable for defendants to conclude that plaintiff had

granted them an indefinite extension of time to answer. The extension of August, 1981, was granted in response to an assurance that the answer would be served immediately; it cannot excuse the instant delay of more than two months. Indeed, the answer was only served in response to the default judgment application (see *Eaton v Equitable Life Assur. Soc. of U.S., supra*). Accordingly, reversal is required, the default judgment application should be granted, and the matter should proceed to inquest. Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.