■ ERA REALTY Co., Appellant, v RBS PROPERTIES et al., Respondents.—In an action to recover damages for conversion and abuse of process, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated June 12, 1990, which granted the defendants' motion for summary judgment dismissing the complaint and denied its motion to disqualify the defendants' counsel. The appeal brings up for

review so much of an order of the same court, dated September 18, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 12, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 18, 1990, made upon reargument; and it is further,

Ordered that the order dated September 18, 1990, is modified, by deleting the provision thereof which granted that branch of the defendants' motion which was to dismiss the first cause of action to recover damages for conversion, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

On July 1, 1986, Sylvia Charnoff and the plaintiff ERA Realty Co. entered into a written 20-year lease for the premises known as 660 Rockaway Turnpike, in Cedarhurst. The lease expressly provided that ERA had the right to assign the lease. On January 1, 1988, with the landlord's consent, ERA assigned its lease to the defendant RBS Properties. In consideration for the assignment RBS paid ERA $50,000. In 1988, RBS defaulted upon its rent payments, whereupon Charnoff commenced a summary nonpayment proceeding in the District Court of Nassau County against both ERA and RBS.

RBS admitted its nonpayment of rent, but denied that it owed any rent. It also interposed a cross claim against ERA to recover damages for fraud and breach of contract. ERA did not appear in the District Court proceeding. ERA's default on the cross claim resulted in a judgment in RBS's favor in the principal sum of $50,000.

On August 22, 1989, after RBS obtained a default judgment against ERA, the Sheriff of Nassau County levied upon ERA's bank account.

By order to show cause dated September 5, 1989, ERA moved to vacate the default judgment on the ground that the court lacked subject matter jurisdiction. Subsequently, the Appellate Term for the Ninth and Tenth Judicial Districts found that the District Court did indeed lack jurisdiction.

ERA then commenced the instant action against RBS and its attorney Kenneth Reiver alleging conversion and abuse of process. Thereafter, RBS moved, *inter alia,* to dismiss the complaint. The Supreme Court granted the motion.

However, we conclude that the complaint sufficiently alleges a cause of action to recover damages for conversion. Since the

default judgment was entered in a court which lacked subject matter jurisdiction, the judgment was null and void and an action may be brought for conversion *(see, Day v Bach,* 87 NY 56). The judgment and execution afforded no protection to the defendants because a void process furnishes no justification to a party and the defendants became converters *ab initio* liable for the consequences of their acts as if the judgment and execution never existed *(see, Day v Bach, supra; Ford Motor Credit Co. v Hickey Ford Sales,* 62 NY2d 291, 303; *Silberstein v Presbyterian Hosp.,* 95 AD2d 773; *Siegel v Northern Blvd. & 80th St. Corp.,* 31 AD2d 182). The defendants' attorney has no privilege or immunity because an attorney is liable if he or she causes irregular process to be issued which occasions loss to the party against whom it is enforced *(see, Silberstein v Presbyterian Hospital, supra,* at 774; *Bornstein v Silverman,* 9 AD2d 363). Thus, ERA has satisfied its burden of demonstrating a prima facie cause of action for conversion.

We have considered the appellant's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.