(March 22, 2001)

■ C.U. ANNUITY SERVICE CORPORATION et al., Appellants, v SCOTT YOUNG et al., Respondents. [722 NYS2d 236] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 23, 2000, which denied plaintiffs' motion for summary judgment declaring void defendant Young's sale of his right to receive periodic payments from plaintiffs pursuant to a tort settlement and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the cross motion denied. The Clerk is directed to enter judgment accordingly.

Defendant Scott Young is a personal injury claimant who entered into a structured settlement agreement which provided that monthly payments of $550 be made to Young for life. Young expressly acknowledged in the agreement that he did not have the power to sell, mortgage, encumber or anticipate those periodic payments by assignment. Months after signing the settlement agreement, Young sold his right to receive the next 120 monthly payments to defendant Settlement Funding in exchange for a lump sum payment of $28,000. In this action, plaintiffs seek a declaratory judgment that Young's sale constituted a void assignment. The IAS court found that Young had breached a personal covenant not to assign affording plaintiffs a remedy through an action for damages.

Whether a non-assignment clause renders a subsequent assignment void or the breach of a personal covenant not to assign depends upon the expressed intent of the parties, namely whether the language is sufficiently express to bar the assignment (*Allhusen v Caristo Constr. Corp.*, 303 NY 446; *Macklowe v 42nd St. Dev. Corp.*, 170 AD2d 388). In the clause before us, the promisee did not merely agree that he would refrain from making an assignment; he agreed he was powerless to do so. Having surrendered his legal ability to assign, there was no basis upon which he or any assignee could assert that a purported sale could have any legal effect. Defendants have neither alleged nor proven plaintiffs' consent or ratification of

this attempted assignment. The payee's rights and duties must begin with the express language of his agreement. Young had no power to assign and Settlement Funding had no basis upon which to expect it could derive benefits from such a transaction. With a clearly stated intent to render Young powerless to assign, there was no need for the non-assignment clause to also contain talismanic language or magic words describing the effect of any attempt by the payee to make an assignment. Young and Settlement Funding were adequately informed that any purported assignment would of necessity be ineffectual since Young had surrendered that power. To now relegate the payor to an uncertain remedy for breach of a promise not to assign would be an outcome not contemplated by the settlement agreement. Having bargained for Young's surrender of the power to assign, the payor has a right to an appropriate remedy. Enforcement of this non-assignment clause by declaring the purported assignment as void comports with the expressed intent of the contracting parties. Concur—Sullivan, P. J., Tom, Lerner, Buckley and Friedman, JJ.