■ SINGER ASSET FINANCE COMPANY, L.L.C., Respondent, v JOHNNY L. BACHUS, Also Known as JOHNNY BACKUS, Defendant, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [741 NYS2d 618] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Onondaga County (Stone, J.), entered February 12, 2001, which, inter alia, granted the motion of plaintiff for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by deleting the second through eighth decretal paragraphs and (1) granting plaintiff's motion in part; (2) granting plaintiff judgment against defendant Johnny L. Bachus, also known as Johnny Backus, for the sum of $13,676.46, plus 9% interest from May 29, 1999 and less any payments received by plaintiff; (3) granting judgment as follows: "It is ADJUDGED and DECLARED that the prohibition against assignment in the structured settlement agreement is valid and effective to nullify the purported loan transaction between plaintiff and defendant Johnny L. Bachus, a/k/a Johnny Backus, whereby defendant Johnny L. Bachus, a/k/a Johnny Backus, attempted to assign his rights to periodic payments under the structured settlement agreement to plaintiff"; and (4) granting the cross motion of plaintiff for a turnover order pursuant to CPLR 5227, directing defendant State Farm Mutual Automobile Insurance Company to pay plaintiff the periodic payments due defendant Johnny L. Bachus, also known as Johnny Backus, under the structured settlement agreement until the judgment hereby granted in favor of plaintiff and against defendant Johnny L. Bachus, also known as Johnny Backus, is paid in full and as modified the judgment is affirmed without costs.

Memorandum: In March 1991 Mildred Zinn, as parent and guardian of defendant Johnny L. Bachus, also known as Johnny Backus (Bachus), entered into a structured settlement agreement with defendant State Farm Mutual Automobile Insurance Company (State Farm), whereunder Bachus became entitled to monthly payments of $401.77 for the duration of his life, with payment guaranteed for 40 years. State Farm funded its periodic payment obligation by purchasing an annuity contract from The Prudential Insurance Company of America

(Prudential). Pursuant to the terms of the structured settlement agreement, the monthly annuity payments under the Prudential annuity contract are sent directly to Bachus.

The structured settlement agreement provides that the periodic payments due Bachus "are not subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge or encumbrance" and that "no part of the payments called for herein * * * is to be subject to execution or any legal process for any obligation in any manner, nor shall [Bachus] have the power to sell, mortgage or encumber same, or any part thereof, nor anticipate the same, or any part thereof, by assignment or otherwise." Nevertheless, on May 29, 1998, Bachus entered into a "loan application and loan agreement" with Merrick Bank Corporation (Merrick), whereunder Merrick was to acquire Bachus's right to receive the monthly annuity payments of $401.77 under the structured settlement agreement for a period of 60 months in exchange for its payment to Bachus of $13,676.46. Subsequently, Merrick assigned its interest in that agreement to plaintiff, Singer Asset Finance Company, L.L.C. (Singer).

Not having received the annuity payments due "November 15, 1998 forward," Singer commenced this action against Bachus in February 1999 seeking both damages and declaratory relief based on, inter alia, breach of contract and unjust enrichment. Supreme Court granted Singer's motion for a default judgment, granting Singer judgment in the amount of $22,499.12 plus interest, costs and disbursements. In addition, the court granted judgment declaring that the "loan agreement" "is in all respects proper, valid, effective and enforceable." State Farm then moved for, inter alia, leave to intervene and vacatur of the default judgment, and Singer cross-moved for a turnover order directing State Farm to pay Singer the periodic payments due Bachus under the structured settlement agreement (see CPLR 5225, 5227). The court granted that part of the motion of State Farm for leave to intervene and vacatur of the default judgment, but did not address Singer's cross motion for a turnover order. After joinder of issue, both Singer and State Farm moved for summary judgment. The court denied State Farm's motion and granted Singer's motion. The court granted Singer judgment in the amount of $22,499.12 plus interest, costs and disbursements and declared, inter alia, that the "loan agreement" was valid and effective and not barred by the prohibition against assignment in the structured settlement agreement.

We conclude that the court erred in determining that the as-

signment by Bachus of his rights under the structured settlement agreement was valid and in granting Singer judgment against Bachus for breach of contract. "Whether a nonassignment clause renders a subsequent assignment void or the breach of a personal covenant not to assign depends upon the expressed intent of the parties, namely whether the language is sufficiently express to bar the assignment" (*C.U. Annuity Serv. Corp. v Young*, 281 AD2d 292, 292; *see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 402; *Allhusen v Caristo Constr. Corp.*, 303 NY 446, 452). Here, Bachus expressly, clearly, and unequivocally surrendered not only the right but the power to assign his rights under the structured settlement agreement, and thus any attempted assignment of his rights under that agreement was effectively barred (*see C.U. Annuity Serv. Corp.*, 281 AD2d at 292-293). "With a clearly stated intent to render [Bachus] powerless to assign, there was no need for the non-assignment clause to also contain talismanic language or magic words describing the effect of any attempt by the payee to make an assignment" (*id.* at 293).

We reject the contention of Singer that the prohibition against assignment is ineffective pursuant to UCC former 9-318 (4). That section provided that a term in a contract "between an account debtor and an assignor is ineffective if it prohibits assignment of an account or prohibits creation of a security interest in a general intangible for money due or to become due or requires the account debtor's consent to such assignment or security interest." We conclude that UCC former 9-318 (4) is inapplicable here. State Farm's obligation to Bachus is not an "account" (*see* former 9-106), and thus an assignment of Bachus's rights is not rendered ineffective by UCC former 9-318 (4). Further, because assignment of the periodic payments is validly barred by the structured settlement agreement, no security interest may be created in those payments (*see* former 9-203 [1] [a]; *see generally Matter of Emergency Beacon Corp.*, 665 F2d 36, 40; *Logan & Kanawha Coal Co. v Banque Francaise Du Commerce Exterieur*, 868 F Supp 63, 66).

Even if we considered Bachus's rights in the periodic payments to be "general intangibles" within the meaning of UCC former 9-318 (4), we would nevertheless conclude that the transaction between Singer and Bachus is not a loan but an absolute assignment, to which UCC article 9 does not apply (*see Bobbitt v SAFECO Assigned Benefits Serv. Co.*, 1999 WL 703066, *4, 1999 Conn Super LEXIS 2347, *10-12 [Aug. 25, 1999]; *see generally Broadcast Music v Hirsch*, 104 F3d 1163, 1167-1168; *Matter of Armando Gerstel, Inc. v Tavormina*, 65

BR 602, 604-605; *Midland States Life Ins. Co. v Hamideh*, 311 Ill App 3d 127, 130, 724 NE2d 32, 34-35, *lv denied* 189 Ill 2d 661, 731 NE2d 765). Although the documents executed by Bachus include a promissory note and a security agreement, the parties' intent to effect an assignment rather than a loan is evinced by the absolute and irrevocable language of the assignment; the surrender by Bachus of any and all rights in or control over the 60 periodic payments by the execution of two powers of attorney in favor of Singer; the fact that the periodic payments are the sole source of payment for the "loan," the right to which vested in Singer immediately upon execution of the transaction documents; and the fact that the "loan" interest rate could not be calculated until closing, thus indicating a factoring rather than a loan transaction, which is underscored by reference to Merrick's "annuity acquisition business" in paragraph 5 (i) of the "loan agreement." Lastly, we note that, under revised UCC article 9, enacted by chapter 84 of the Laws of 2001 and effective July 1, 2001, structured settlement payments are specifically excluded from UCC 9-406 (d), which replaces UCC former 9-318 (4) (*see* 9-406 [h] [2]).

Although the court properly granted Singer a default judgment against Bachus, it erred in relying upon the ground of breach of contract (*see Gagen v Kipany Prods.*, 289 AD2d 844; *Silberstein v Presbyterian Hosp. in City of N.Y.*, 95 AD2d 773, 774), rather than unjust enrichment (*see generally Parsa v State of New York*, 64 NY2d 143, 148, *rearg denied* 64 NY2d 885). We therefore modify the judgment by deleting the second through eighth decretal paragraphs and (1) granting Singer's motion in part; (2) granting Singer judgment against Bachus for the sum of $13,676.46, plus 9% interest from May 29, 1999 and less any payments received by Singer; (3) declaring that the prohibition against assignment in the structured settlement agreement is valid and effective to nullify the purported loan transaction between Singer and Bachus whereby Bachus attempted to assign his rights to periodic payments under the structured settlement agreement to Singer; and (4) granting the cross motion of Singer for a turnover order pursuant to CPLR 5227, directing State Farm to pay Singer the periodic payments due Bachus under the structured settlement agreement until the judgment hereby granted in favor of Singer and against Bachus is paid in full. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Lawton, JJ.