◼ TOT Payments, LLC, et al., Appellant, v First Data Corporation, Respondent. [9 NYS3d 44]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about February 7, 2014, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the causes of action for breach of contract and unjust enrichment, and otherwise affirmed, without costs.

In support of the breach of contract causes of action, the complaint adequately alleges that plaintiffs are successors in interest to one of the signatories to the independent sales organization (ISO) agreement and the tri-party agreement. While the recitation of the series of corporate transactions that purportedly demonstrates the transfer and assignment of the agreements from Money Movers to plaintiffs could not have been written more confusingly, on its face, it establishes that the agreements were transferred to plaintiffs. The allegation is neither inherently incredible nor flatly refuted by documentary evidence (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Kaisman v Hernandez*, 61 AD3d 565 [1st Dept 2009]).

It is not dispositive that plaintiffs have not produced any written consents for the assignments of the ISO agreement, which contains an anti-assignment clause stating that plaintiff's alleged predecessor in interest "shall not assign, subcontract, license, franchise, or in any manner attempt to extend to any third party any right or obligation under this Agreement, without the prior written consent of Paymentech [defendant's predecessor in interest], which may be granted or withheld at the sole discretion of Paymentech." Even assuming that this clause is sufficient to render an assignment void in the absence of written consent (*compare Macklowe v 42nd St. Dev. Corp.*, 170 AD2d 388 [1st Dept 1991], *and C.U. Annuity Serv. Corp. v Young*, 281 AD2d 292 [1st Dept 2001]), issues of fact exist whether defendant waived written consent.

For example, it is uncontested that the parties have carried on a business relationship for some time; plaintiffs allege that the relationship is pursuant to the ISO and tri-party agreements. In addition, a letter submitted by defendant purporting to terminate the ISO agreement prior to plaintiffs' alleged

acquisition of interest in it was not mailed to the address designated in the agreement for notice of termination. Moreover, it was addressed to "Process Pink," which may or not have been plaintiff Process Pink, LLC; at this stage, that cannot be determined conclusively. A reasonable inference is that, at some point, notwithstanding the absence from the record of written consents to assignment, the ISO agreement was assigned to one or more entities eventually leading to plaintiff Process Pink, LLC.

The unjust enrichment causes of action were properly pleaded in the alternative (*see IIG Capital LLC v Archipelago, L.L.C.*, 36 AD3d 401, 404-405 [1st Dept 2007]).

The causes of action for conversion and breach of the implied covenant of good faith and fair dealing were correctly dismissed since they merely restate claims for damages under the breach of contract theory (*see Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 AD2d 883 [1st Dept 1982]). Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.