Craft EM CLO 2006-1, Ltd. v Deutsche Bank AG (2019 NY Slip Op 09091)





Craft EM CLO 2006-1, Ltd. v Deutsche Bank AG


2019 NY Slip Op 09091


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Kapnick, González, JJ.


656152/16 10602A 10602

[*1] Craft EM CLO 2006-1, Ltd., Plaintiff-Appellant,
v
Deutsche Bank AG, Defendant-Respondent.


Wollmuth Maher & Deutsch LLP, New York (Randall R. Rainer of counsel), for appellant.
Jones Day, New York (Jayant W. Tambe of counsel), for respondent.



Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered August 14, 2017, and October 19, 2018, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The court, in the order entered October 19, 2018, correctly granted defendant's motion to dismiss pursuant to CPLR 3211(a)(3) for lack of standing. Pursuant to the granting clauses in the governing indentures, plaintiff, as issuer of the Class E, F, and G notes, transferred all of its rights under the swap agreements, one pertaining to the class E and F notes and the other to the class G notes, to the trustee. As a result, its prior suit alleging that defendant breached the swap agreements was dismissed for lack of standing (CRAFT EM CLO 2006-1, Ltd. v Deutsche Bank AG, 139 AD3d 638 [1st Dept 2016]).
Plaintiff and the trustee then entered into assignment agreements, dated November 4 and 18, 2016, purporting to assign those claims back to plaintiff and thus to remedy the prior deficiency in standing. Plaintiff then commenced the instant lawsuit. However, the swap agreements require that such further transfer of such rights by the trustee be "pursuant to the [i]ndenture," and the indentures contain no provision authorizing plaintiff, by Issuer Order, to direct the trustee to execute the assignment agreements at issue here. As a result, the assignments were not "pursuant to" the indentures, and the attempted assignments were "null and void," as stated in Section 5.1 of the Schedules to the ISDA Agreement. There is no basis for concluding that this provision is merely a personal covenant (C.U. Annuity Serv. Corp. v Young, 281 AD2d 292, 292 [1st Dept 2001]).
Moreover, the court correctly granted defendant's CPLR 3211(a)(5) motion to dismiss all but six breach of contract claims, relating to accountant certifications, on the additional ground that they were barred by the applicable statute of limitations. The court correctly reasoned that plaintiff, who originally timely sued as the "issuer" under the swap agreements, could not rely on CPLR 205(a) when it refiled the suit as assignee of the trustee's claims, which were time-barred [*2]when assigned (Reliance Ins. Co. v PolyVision Corp., 9 NY3d 52, 57 [2007]).
In light of our determination, we need not reach plaintiff's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK