## Hawthorne Fin. Holdings LLC v JDS Dev. LLC

2024 NY Slip Op 33877(U)

October 29, 2024

Supreme Court, New York County

Docket Number: Index No. 650724/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LYLE E. FRANK            PART            **11M**

*Justice*

--------------------------------------------------------------------------X

HAWTHORNE FINANCE HOLDINGS LLC

           Plaintiff,

           - v -

JDS DEVELOPMENT LLC,

           Defendant.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650724/2024 |
| MOTION DATE | 04/04/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for            DISMISS            .

Upon the foregoing documents, defendants' motion to dismiss is denied.

## Background

This action arises out of a dispute over a leasehold interest in a private airplane. Defendant JDS Development LLC was a private operator who entered into a service agreement with a party called ExcelAire whereby ExcelAire (among other things) agreed to coordinate with JDS for maintenance of the airplane and to serve as JDS' agent for business and personal charters of the airplane. It is alleged that JDS breached the service agreement and that there are unpaid balances owed. In June of 2023, ExcelAire purported to assign their interests under the service agreement to the Plaintiff Hawthorne Finance Holdings, LLC. Pursuant to this assignment, Hawthorne brought the underlying suit alleging breach of contract, and in the alternative, promissory estoppel and unjust enrichment. In response, JDS brings the present motion to dismiss.

## Standard of Review

[* 1]

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994). CPLR § 3211(a)(3) allows for a complaint to be dismissed if the party bringing the cause of action lacks the legal capacity to sue.

**Discussion**

JDS moves to dismiss the complaint in its entirety on the grounds that Hawthorne lacks standing for the contractual claim based on a non-assignment clause in the Services Agreement and that Hawthorne lacks standing for the quasi-contract claims because the Complaint fails to plead required elements or because the claims are precluded. Hawthorne opposes and argues that

**650724/2024   HAWTHORNE FINANCE HOLDINGS LLC vs. JDS DEVELOPMENT LLC**
**Motion No.  001**

**Page 2 of 6**

2 of 6

they do have standing to sue. Ultimately, the issue of standing turns on the interpretation of the non-assignment clause in the Services Agreement in the light of relevant case law. For the reasons that follow, Hawthorne has contractual standing and the quasi-contract claims that are pled in the alternative adequately state a claim.

<u>I: The No-Assignment Clause is a Personal Covenant Not to Assign</u>

The non-assignment clause is found in Section 11.9 of the Services Agreement and reads: "**No Assignments:** Neither party may assign its rights or obligations under this Agreement without the prior written permission of the other" (emphasis in original). JDS argues that because they never granted permission for ExcelAire to assign the contract to Hawthorne, this makes the purported assignment void. Hawthorne argues that instead of voiding the assignment, this provision instead gives rise to a claim for damages by the non-breaching party, leaving the assignment valid and therefore granting Hawthorne contractual standing to sue.

In New York, a non-assignment clause has one of two effects: either it renders a subsequent assignment void, or it is considered a personal covenant not to assign, thus making a subsequent assignment valid but a breach of the non-assignment clause. *C.U. Annuity Serv. Corp. v. Young*, 281 A.D.2d 292, 292 (1st Dept. 2001). Distinguishing between the two is not always clear. The difference "depends upon the expressed intent of the parties, namely whether the language is sufficiently express to bar the assignment." *Id*. To make a subsequent assignment void, a non-assignment clause must contain "clear, definite and appropriate language declaring the invalidity of such assignments." *Macklowe v. 42nd St. Dev. Corp.*, 170 A.D.2d 388, 389 (1st Dept. 1991). But when there is a "clearly stated intent to render [assigning party] powerless to assign, there [is] no need for the non-assignment clause to also contain talismanic language or magic words describing the effect of any attempt by the payee to make an assignment." *C.U.*

**650724/2024   HAWTHORNE FINANCE HOLDINGS LLC vs. JDS DEVELOPMENT LLC**   Page 3 of 6
**Motion No.  001**

3 of 6

[* 3]

*Annuity*, at 293; *see also Singer Asset Fin. Co., LLC v. Bachus*, 294 A.D.2d 818, 820 (2nd Dept. 2002) (finding a subsequent assignment void when the purported assignor "expressly, clearly, and unequivocally surrendered not only the right but the power to assign his rights").

Here, the language of the no-assignment clause does not specifically say that any purported assignment would be void and it appears to be a personal covenant not to assign. While a non-assignment clause does not need, as the *C.U. Annuity* court put it, "magic words" making a subsequent assignment void, there does need to be something more than a simple agreement not to assign without permission. JDS argues that Section 11.4 of the Services Agreement provides further support to the contention that the no-assignments clause was meant to make subsequent assignments void. Section 11.4 reads: "**Enforcement:** This Agreement, including all agreements, covenants, representations and warranties, shall be binding upon and inure to the benefit of, and may be enforced by Private Operator, Service Provider, and each of their agents, servants and personal representatives" (emphasis in original). JDS argues that the lack of "assignees" in this provision bolsters the conclusion that the non-assignment clause was more than a personal covenant not to assign.

This argument is somewhat persuasive, but ultimately fails to be so clear and unambiguous as to render a subsequent assignment void. On the standard for a motion to dismiss, giving Hawthorne every favorable inference, this provision cannot be said to conclusively show that ExcelAire gave up its power to assign under the Services Agreement. There is not the clear language giving up the power as well as the right to assign present in the Services Agreement that New York law requires to make a subsequent assignment void. Furthermore, Hawthorne argues and JDS disputes that there was a waiver of the non-assignment clause. When there are disputed issues of fact regarding a waiver of a non-assignment clause,

**650724/2024  HAWTHORNE FINANCE HOLDINGS LLC vs. JDS DEVELOPMENT LLC**        Page 4 of 6
**Motion No.  001**

4 of 6

dismissal would be improper. *TOT Payments, LLC v. First Data Corp.*, 128 A.D.3d 468, 468 (1st Dept. 2015). Therefore, JDS' motion to dismiss the complaint based on a lack of contractual standing pursuant to the non-assignment clause is denied.

II: the Quasi-Contract Causes of Action Adequately Plead a Claim

JDS also moves to dismiss the quasi-contract claims (pled in the alternative) for three reasons. First, JDS argues that the assignment clause discussed above voids the assignment between ExcelAire and Hawthorne and thus voids Hawthorne's standing. Secondly, JDS argues that they made no promises to Hawthorne that would support a promissory estoppel claim and that JDS has not been enriched at Hawthorne's expense. Finally, JDS argues that the existence of a contract would preclude the quasi-contract claims. As discussed above, the non-assignment clause in the Service Agreement is likely a personal covenant not to assign, and therefore does not void Hawthorne's standing for either the contractual or the quasi-contract claims. Additionally, the quasi-contract claims are pled in the alternative, and therefore are not precluded by the Service Agreement. The Court will move on to consider the second grounds for dismissal raised by JDS.

Hawthorne makes a claim in the alternative for promissory estoppel on the grounds that ExcelAire (and its assignee Hawthorne) reasonably believed that JDS would pay the outstanding balance for goods and services rendered. The elements of promissory estoppel are "(i) a sufficiently clear and unambiguous promise; (ii) reasonable reliance on the promise; and (iii) injury caused by the reliance." *Castellotti v. Free*, 138 A.D.3d 198, 204 (1st Dept. 2016). Hawthorne has pled facts showing that JDS promised to pay ExcelAire for the goods and services rendered, that ExcelAire reasonably relied on that promise, and that they were injured by the failure to pay. Accordingly, Hawthorne has sufficiently pled a cause for promissory

**650724/2024   HAWTHORNE FINANCE HOLDINGS LLC vs. JDS DEVELOPMENT LLC**
**Motion No.  001**

**Page 5 of 6**

5 of 6

estoppel in the alternative. Because the non-assignment clause did not void the assignment to Hawthorne, as discussed above, Hawthorne has standing to pursue the claim as ExcelAire's assignee. Therefore, the Court does not need to reach the argument by Hawthorne that JDS made promises to Hawthorne itself, not just ExcelAire, that would support a claim for promissory estoppel.

The other quasi-contractual claim that Hawthorne pleads in the alternative is for unjust enrichment. The elements of unjust enrichment are that the defendant was enriched at plaintiff's expense and that it is against "equity and good conscience" to permit the defendant to retain what is being sought to be recovered. *Allen v. Zizzi Constr. Corp.*, 228 A.D.3d 478, 479 (1st Dept. 2024). Here, Hawthorne has pled facts tending to show that JDS was enriched by the failure to pay outstanding balance amounts, that this was at the expense of ExcelAire, and that it would be unjust to permit JDS to retain the unpaid balance amounts. Because the non-assignment clause has not voided the assignment of the right to collect the outstanding amount from ExcelAire to Hawthorne, the cause of action for unjust enrichment has adequately pled a claim. Accordingly, it is hereby

ADJUDGED that defendant's motion to dismiss is denied.

20241029170805LFRANK198BC7340C564686A2F976ABFB5748FA

_____
**10/29/2024**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650724/2024   HAWTHORNE FINANCE HOLDINGS LLC vs. JDS DEVELOPMENT LLC**
Motion No.  001

Page 6 of 6

6 of 6