■ KAUFMAN & KAUFMAN et al., Respondents-Appellants, v WENDY S. HOFF, Appellant-Respondent, et al., Defendants. [624 NYS2d 107] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 13, 1993, which, *inter alia,* granted the plaintiffs' motion to dismiss the counterclaims interposed by defendant Wendy Shankel Hoff ("Hoff"), denied the cross-motion by defendant Hoff for summary judgment

pursuant to CPLR 3212 dismissing the plaintiffs' complaint, denied plaintiffs' motion seeking to strike scandalous and prejudicial matter from the answer, and denied plaintiffs' motion for an award of attorney's fees and the imposition of sanctions as against defendant Hoff and her counsel, unanimously affirmed, with costs payable to plaintiff.

The IAS Court properly dismissed defendant Hoff's first and second counterclaims seeking to recover attorney's fees previously paid to the plaintiffs based upon an alleged conflict of interest and alleged legal malpractice by the plaintiffs in their representation of defendant Hoff and settlement of a prior action because the defendant has failed to establish a prima facie case of legal malpractice by showing that but for counsel's negligent handling of the case, defendant Hoff would have prevailed on the merits *(Geraci v Bauman, Greene & Kunkis,* 171 AD2d 454, *appeal dismissed* 78 NY2d 907), and because plaintiffs have demonstrated by documentary evidence that defendant Hoff knowingly waived any conflict of interest and voluntarily and beneficially settled the prior action *(Rogers v Ettinger,* 163 AD2d 257, 258; *Bernstein v Oppenheim & Co.,* 160 AD2d 428, 430).

Nor is plaintiff Kaufman barred from recovering legal fees based upon a conflict of interest by reason of his having been a co-defendant with defendant Hoff in the prior action and the necessity of his being called as a witness on defendant Hoff's behalf *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445), since the record reveals that there was no substantial adverse interest between defendant Hoff, who was the subject of multiple claims of wrongdoing, and co-defendant Kaufman, who was named in a cause of action for an accounting based solely upon his having received funds from Hoff in his capacity as her legal representative *(cf., Greene v Greene,* 47 NY2d 447, 451; *Chang v Chang,* 190 AD2d 311), and there is no support for Hoff's conclusory assertion that Kaufman "ought to be called as a witness" on defendant Hoff's behalf (Code of Professional Responsibility DR 5-101 [B] [22 NYCRR 1200.20 (b)]; *Futuristic Realty Corp. v Mauro,* 128 AD2d 670), and where defendant Hoff knowingly executed a waiver of any conflict of interest and had independent counsel review the settlement agreement before executing it.

The third counterclaim for abuse of process, founded entirely upon plaintiffs' service of a summons and complaint asserting an allegedly baseless action for legal fees so as to coerce a settlement and cause defendant Hoff the expense of

defending the action, was also properly dismissed as insufficient, as a matter of law *(Stroock & Stroock & Lavan v Beltramini,* 157 AD2d 590, 591).

Equally devoid of merit, and properly dismissed, is the fourth counterclaim, alleging that the plaintiffs had improperly, and without authorization, paid themselves fees in the amount of $36,428.50 from an escrow account set up by defendant Hoff's corporation, of which she was the sole shareholder, since the plaintiffs have established by documentary evidence, including checks and bank statements, and defendant Hoff has admitted in her papers, that the plaintiffs' legal fees were not paid from the escrow account but rather were paid by corporate checks signed and issued by defendant Hoff.

The IAS Court did not abuse its discretion in refusing to strike as scandalous and prejudicial pursuant to CPLR 3024 (b) the allegations of negligence, legal malpractice and financial wrongdoing pleaded in defendant Hoff's answer since the allegations while unfounded are relevant and related to the underlying action seeking legal fees *(Matter of Emberger,* 24 AD2d 864; *Hewitt v Maass,* 41 Misc 2d 894, 897-898).

Nor have the plaintiffs, in support of their cross-appeal, established that the IAS Court abused its discretion in declining to grant sanctions and related relief against defendant Hoff and her counsel for frivolous litigation pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130.1.1 (c) *(see, Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411).

We have reviewed the cross-appellant's remaining claims for affirmative relief and find them to be without merit. Concur— Sullivan, J. P., Rosenberger, Kupferman, Asch and Mazzarelli, JJ.