M. FUND, INC., Appellant, v SELWYN CARTER, Respondent. K & G DEVELOPERS OF N.Y., INC., Intervenor-Respondent. [819 NYS2d 299]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated June 2, 2005, as granted the motion of K & G Developers of N.Y., Inc., for leave to reargue, and upon rear-

gument, vacated its prior order dated April 12, 2005, denying the motion of K & G Developers of N.Y., Inc. for leave to intervene and, in effect, pursuant to CPLR 3211 (a) (1) to dismiss the complaint and granting its cross motion for summary judgment, and granted the motion and denied the cross motion.

Ordered that the order dated June 2, 2005 is affirmed insofar as appealed from, with costs to the intervenor, and the matter is remitted to the Supreme Court, Kings County, for a determination of whether the intervenor sustained a loss and, if so, the extent of the loss due to the plaintiff's conduct during the period that the injunction was in effect pursuant to the decision and order on motion of this Court dated July 15, 2005.

The Supreme Court properly granted the motion of nonparty K & G Developers of N.Y., Inc. (hereinafter K & G), for leave to reargue and, upon reargument, inter alia, granted that branch of its motion which was, in effect, pursuant to CPLR 3211 (a) (1) to dismiss the complaint. "To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Trade Source v Westchester Wood Works,* 290 AD2d 437, 438 [2002] [internal quotation marks omitted]; *see Berardino v Ochlan,* 2 AD3d 556 [2003]; *Prudential Wykagyl/ Rittenberg Realty v Calabria-Maher,* 1 AD3d 422 [2003]). The documentary evidence submitted by K & G to demonstrate that its deed was recorded first conclusively established that defense as a matter of law (*see Varon v Annino,* 170 AD2d 445 [1991]). Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.