◼ ROBERTA MARTIN, Respondent, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Appellant. [826 NYS2d 85]—

In an action, inter alia, to enjoin the defendant from interfering with the plaintiff's continued use of an easement, the defendant appeals from an order of the Supreme Court, Queens County (Nelson, J.), dated January 26, 2006, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied that branch of the defendant's motion which was to dismiss the complaint on the ground that a defense is founded upon documentary evidence (*see* CPLR 3211 [a] [1]). " 'To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*M. Fund, Inc. v Carter*, 31 AD3d 620 [2006], quoting *Trade Source v Westchester Wood Works*, 290 AD2d 437, 438 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]). The documentary evidence submitted by the defendant, namely the parties' agreement dated June 18, 2003, failed to resolve all factual issues as a matter of law and to conclusively dispose of the plaintiff's claim. This agreement did not establish that the plaintiff consented to the installation of the subject railing.

Moreover, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). In reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff

is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *Leon v Martinez, supra* at 87-88; *Lupski v County of Nassau,* 32 AD3d 997 [2006]; *Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC,* 32 AD3d 423 [2006]; *Simmons v Edelstein,* 32 AD3d 464 [2006]). In this regard, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *see Leon v Martinez, supra* at 88). " 'To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period' of 10 years" (*Morales v Riley,* 28 AD3d 623, 623 [2006], quoting *Asche v Land & Bldg. Known as 64-29 232nd St.,* 12 AD3d 386, 387 [2004]). Applying these principles, the plaintiff alleged a cause of action for a prescriptive easement.

The defendant's remaining contentions are without merit. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.