■ RUBY FALLS, INC., Appellant, v RUBY FALLS PARTNERS, LLC, Respondent. [834 NYS2d 258]—In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered September 20, 2006, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) is denied.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Williams v Williams*, 36 AD3d 693 [2007]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006])" (*Mendelovitz v Cohen*, 37 AD3d 670, 670-671 [2007]). Here, the documentary evidence submitted by the defendant failed to resolve all factual issues as a matter of law and did not conclusively dispose of the plaintiff's claim. Accordingly, the defendant was not entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (1).

In light of the foregoing, we need not consider the plaintiff's remaining contention. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.