*601 OPINION OF THE COURT
Robert J. Miller, J.
In this action, plaintiff Eric Holman seeks to recover for injuries allegedly sustained by him on October 15, 2001 when he tripped and fell in front of 507 82nd Street, Brooklyn, New York, a premises owned by the defendant City of New York. The complaint also alleges liability on the part of defendant Keyspan Energy Co. as a result of work they did at the accident location.
Both defendants have interposed answers to the complaint. Notwithstanding same, they now move pursuant to CPLR 3211 (a) (1) asserting that:
“a complete defense is founded upon documentary evidence by way of plaintiff’s own statements to several physicians in medical records, all of which indicate that plaintiff was injured while working at the World Trade Center location on October 15, 2001 — not, as alleged, while walking at or near 507 82nd Street in Brooklyn, New York. In light of plaintiffs own statements no action may lie herein.”
CPLR 3211 (e) provides that the motion is to be made “[a]t any time before service of the responsive pleading is required.” The instant motion clearly doesn’t comply with the requirement.
In addition, in order to prevail on a dismissal motion pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must resolve all factual issues as a matter of law and conclusively dispose of plaintiffs claim. (Martin v New York Hosp. Med. Ctr. of Queens, 34 AD3d 650 [2d Dept 2006].)
Defendants rely on certified hospital records of Victory Memorial Hospital as the documentary evidence which forms the basis for their motion. On two occasions, the medical records indicated a doctor’s notation where plaintiff advised a treating physician that he injured his left leg while “sifting rubble” at the World Trade Center disaster site and further stated that his left knee was injured when he fell against concrete at the World Trade Center site.
Defendants also submit the affidavit of an employee of Key-span who states that Keyspan provides no service to any location in Manhattan and had no property or facility which serviced the World Trade Center.
*602 With respect to the standard courts have followed in weighing whether the documentary evidence relied upon warrants dismissal, courts have held that the document must conclusively resolve all factual issues. (Martin v New York Hosp. Med. Ctr. of Queens, 34 AD3d 650 [2006]; McMorrow v Dime Sav. Bank of Williamsburgh, 48 AD3d 646 [2d Dept 2008]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314 [2002].)
Here, the documents relied upon, medical records, contain notes of a doctor recording comments made by the plaintiff. Defendants fail to cite any case where medical records of this type constitute the type of documentary evidence contemplated by the legislature when it enacted CPLR 3211 (a) (1). The court has not located any cases where a document prepared by a third party which contains notes of a conversation with a party was the basis of a dismissal finding.
David D. Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C3211.-10) notes:
“We would be remiss, however, if we did not attempt to suggest a rule of thumb whereby to gauge whether an item qualifies as ‘documentary’. The word apparently aims at a paper whose content is essentially undeniable and which, assuming the verity of its contents and the validity of its execution, will itself support the ground on which the motion is based.”
The medical records submitted in support of the motion do not meet the criteria outlined by Siegel or set forth by the Courts in Goshen, McMorrow, or Martin.
If in light of the fact that both parties submitted affidavits on the motion and defendants have moved after issue has been joined, the court were to treat the motion as a motion for summary judgment, the defendants still fail to carry their burden.
In effect, defendants are arguing that plaintiffs statements made to the treating physician, since they contradict the verified notice of claim and the sworn testimony of plaintiff at his General Municipal Law § 50-h hearing, are a complete defense to this action. Defendants cite no case law directly on point. In opposition to the motion, plaintiff submits his own affidavit where he states as follows:
“2. On October 15, 2001, around 1:30 PM., I was walking to the store for my mother when I was caused to trip and fall in front of 507 82nd Street, Brooklyn, New York. As a result of my accident I *603 sustained serious injury to my left knee requiring surgery.
“3. I have been diagnosed with bi-polar disorder since I have been a child. Since my diagnosis I have been under the influence of numerous medications.
At the time I told the physicians at Victory Memorial Hospital and Dr. Wilen’s Office that I was injured at the World Trade Center I was taking Depakote for my bi-polar disorder and chronic depression. When I advised the staff at both Victory Memorial Hospital and Dr. Wilen’s Office I was severely depressed and lonely and I made those statements in an effort to make myself feel better about myself and to get attention.”
Plaintiffs sworn affidavit, his verified notice of claim and his sworn testimony at the section 50-h hearing raise triable issues of fact as to where and when this accident occurred. The medical records relied upon by defendants raise issues of credibility as to plaintiffs account but they are issues for the jury to decide not for the court to resolve on this motion. Furthermore, whether the statements in the medical record are properly admissible at the time of trial as an exception to the hearsay rule under CPLR 4518, as to being relevant for the diagnosis and treatment of the plaintiffs injuries, is a question for the trial court. (People v Dagoberto, 16 AD3d 595 [2d Dept 2005]; People v Baltimore, 301 AD2d 610 [2d Dept 2003]; Sanchez v Manhattan & Bronx Surface Tr. Operating Auth., 170 AD2d 402 [1st Dept 1991].)
Accordingly, the motion of defendants to dismiss the complaint is denied.