◼ STAMATIKI TSAFATINOS et al., Appellants, v LEE DAVID AUERBACH, P.C., et al., Respondents. [915 NYS2d 500]—

In an action, inter alia, to recover damages for legal malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nicolai, J.), entered December 8, 2009, which granted the motion of the defendants Lee David Auerbach, P.C., and Lee David Auerbach, and the separate motion of the defendants Eugenia M. Vecchio & Associates and Eugenia M. Vecchio, pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs to the respondents Eugenia M. Vecchio & Associates and Eugenia M. Vecchio.

The Supreme Court properly granted the defendants' separate motions pursuant to CPLR 3211 (a) to dismiss the complaint. The statute of limitations applicable to actions sounding in legal malpractice is three years "regardless of whether the underlying theory is based in contract or tort" (CPLR 214 [6]). The plaintiffs' causes of action sounding in breach of contract and breach of fiduciary duty are based on the same facts underlying their legal malpractice cause of action and do not allege distinct damages. Accordingly, they are duplicative of the legal malpractice cause of action (*see Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 199 [2009]; *Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006]; *Mecca v Shang*, 258 AD2d 569 [1999]), and likewise subject to the three-year limitations period (*see Harris v Kahn, Hoffman, Nonenmacher & Hochman, LLP*, 59 AD3d 390 [2009]; *Melendez v Bernstein*, 29 AD3d 872 [2006]).

The limitations period begins to run from the time of the alleged malpractice, not from the time of discovery (*see Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]; *730 J & J, LLC v Polizzotto & Polizzotto, Esqs.*, 69 AD3d 704 [2010]). Here, the plaintiffs' claims against Eugenia M. Vecchio and her law firm could have accrued no later than December 23, 2004, and their claims against Lee David Auerbach and his law firm could have accrued no later than April 27, 2005, the respective last dates on which the defendants represented the plaintiffs. Contrary to the plaintiffs' contention, the statute of limitations was not tolled beyond these dates by the continuous representation doctrine, or otherwise (*see McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *Shumsky v Eisenstein*, 96 NY2d at 168; *see also McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]). Accordingly, this action, commenced on or about August 15, 2008, was untimely.

In light of our determination, the defendants' remaining contentions have been rendered academic.

There is no basis to grant the plaintiffs' request to impose sanctions upon the defendants pursuant to 22 NYCRR 130-1.1. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.