■ SHANE DANIELS, Appellant, v JOSEPH A. TURCO et al., Respondents. [923 NYS2d 848]—

In an action to recover damages for legal malpractice and fraud, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 27, 2010, which granted the defendants' motion for summary judgment dismissing the complaint as time-barred pursuant to CPLR 214 (6), and (2) a judgment of the same court entered October 27, 2010, which, upon the order, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The cause of action alleging legal malpractice accrued no later than April 18, 2005, when the defendants returned the case file to the plaintiff with an accompanying letter of discharge. That date was more than three years before the commencement of this action in June 2009 (see CPLR 214 [6]; McCoy v Feinman, 99 NY2d 295, 301 [2002]; Tsafatinos v Lee David Auerbach, P.C., 80 AD3d 749 [2011]). Contrary to the plaintiff's assertion, there was no evidence of any continuous ongoing relationship between the plaintiff and the defendants after the file was

returned and, therefore, the continuous representation doctrine is not applicable (*see Shumsky v Eisenstein*, 96 NY2d 164, 168-171 [2001]; *Marro v Handwerker, Marchelos & Gayner*, 1 AD3d 488 [2003]; *Daniels v Lebit*, 299 AD2d 310 [2002]; *Wester v Sussman*, 287 AD2d 618 [2001]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the legal malpractice cause of action as time-barred (*see* CPLR 214 [6]; *Adler v Gershman*, 305 AD2d 342, 342-343 [2003]).

In addition, the plaintiff's cause of action sounding in fraud was duplicative of the legal malpractice cause of action, because it arises from the same facts as the legal malpractice cause of action and does not allege distinct damages (*see Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d at 749; *Kvetnaya v Tylo*, 49 AD3d 608, 609 [2008]; *Daniels v Lebit*, 299 AD2d at 310; *Mecca v Shang*, 258 AD2d 569, 570 [1999]). Accordingly, the fraud cause of action is likewise subject to the three-year limitations period (*see Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749, 750 [2011]), and the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the fraud cause of action as time-barred. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.