NINA HARRIS, Appellant, v JANINE A. BARBERA et al., Respondents. [947 NYS2d 548]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 1, 2010, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for legal malpractice, and (2) from so much of a judgment of the same court entered January 18, 2011, as, upon the order, is in favor of the defendants and against her dismissing the cause of action to recover damages for legal malpractice. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for legal malpractice is denied, the cause of action to recover damages for legal malpractice is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants represented the plaintiff in an action in which she sought a divorce and ancillary relief (hereinafter the underlying action). After the conclusion of the underlying action, the plaintiff commenced this action against the defendants alleging, inter alia, legal malpractice. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for legal malpractice. The Supreme Court, inter alia, granted that branch of the motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for legal malpractice and dismissed that cause of action.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party "utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (*Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 796 [2011]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]). In support of that branch of their motion which was to dismiss the legal malpractice cause of action pursuant to CPLR 3211 (a) (1), the defendants submitted, among other things, a retainer agreement, or what they referred to as a matrimonial engagement agreement, executed by both the defendants and the plaintiff. The agreement stated that there was "no assurance or guarantee of the outcome" and also that the agreement "does not include representation for . . . legal services after the Judgment of Trial Court . . . [or] [t]he Appeal of any decisions of the Trial Court." Yet, the plaintiff, among other things, detailed in her affidavit in opposition to the motion how the defendants failed to pursue a motion for leave to reargue or other application to modify a decision in the underlying action, submitted deficient or inappropriate proposed findings of fact and conclusions of law, and failed to adequately address various necessary issues during the trial. Contrary to the defendants' contentions, the retainer agreement was insufficient documentary evidence to dispose of those allegations. In addition, contrary to the defendants' contentions, the Supreme Court's decision in the underlying action did not utterly refute or conclusively establish a defense to the plaintiff's claim but, instead, merely disputed certain of the factual allegations (*see DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 814 [2011]).

Therefore, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) (*id.* at 813-814).

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the complaint must be construed liberally and "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Moreover, "[a] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (*Kopelowitz & Co., Inc. v Mann*, 83 AD3d at 797 [citations and internal quotation marks omitted]). Here, to the extent that the complaint was vague as to the nature of the allegations of legal malpractice and otherwise deficient, the plaintiff, in opposition to the defendants' motion, submitted evidence, including her affidavit, in which she sufficiently remedied any pleading defects and delineated the grounds for her claim of legal malpractice (*see Quinones v Schaap*, 91 AD3d 739 [2012]; *Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d 1149 [2010]; *see also Gelobter v Fox*, 90 AD3d 829, 830-831 [2011]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover damages for legal malpractice. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.