In an action, inter alia, to recover damages for legal malpractice, breach of contract, and violation of Judiciary Law § 487, the plaintiff appeals, as limited by his brief, from stated portions of (1) an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated July 5, 2011, which, inter alia, granted those branches of the defendant’s motion which were pursuant to CPLR 3211 (a) (1) to dismiss the causes of action alleging legal malpractice, breach of contract, and fraud, and pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging abuse of process, “tortious breach of contract,” and violation of Judiciary Law § 487, and (2) a judgment of the same court entered August 2, 2011, which, inter alia, upon the order, is in favor of the defendant and against him, in effect, dismissing the amended complaint.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the causes of action alleging legal malpractice and violation of Judiciary Law § 487; as so *605 modified, the judgment is affirmed insofar as appealed from, those branches of the defendant’s motion which were to dismiss the causes of action alleging legal malpractice and violation of Judiciary Law § 487 are denied, those causes of action are reinstated and severed, and the order is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
This is an action alleging, inter alia, legal malpractice, arising from the defendant’s representation of the plaintiff in an action to recover damages for personal injuries sustained by the plaintiff in a motor vehicle accident. The plaintiff alleges that after the insurer for the alleged tortfeasors in the underlying action notified the defendant that it did not intend to settle the underlying action, the defendant advised the plaintiff to pay an expert witness fee directly to the expert he intended to use at trial. The plaintiff also alleges that, when he refused to advance the expert witness fee, the defendant sought to be relieved as counsel on the allegedly spurious ground that the plaintiff and the defendant had irreconcilable differences.
In an order dated July 5, 2005 (hereinafter the July 2005 order), the defendant’s motion to be relieved as counsel in the underlying action was granted, in effect, upon the plaintiff’s default. The plaintiff moved, inter alia, to vacate the July 2005 order. While the plaintiffs motion was pending, the Supreme Court, in an order dated March 23, 2006 (hereinafter the March 2006 order), directed the dismissal of the underlying action.
In an order dated May 24, 2007 (hereinafter the May 2007 order), made after a hearing on the issue of whether the plaintiff had been served with a copy of the papers constituting the defendant’s motion to be relieved as counsel, the Supreme Court found that the plaintiff had not been served and, thus, demonstrated a reasonable excuse for his failure to oppose the defendant’s motion to be relieved as counsel. Accordingly, the Supreme Court vacated the July 2005 order, and directed the underlying action to be restored to the trial calendar. The defendant subsequently moved again to be relieved as counsel, contending, in his affirmation in support of his motion, that the plaintiff “steadfastly refused to pay the litigation expenses that [would] be incurred in the prosecution of his . . . case.”
*606 On July 25, 2007, the parties stipulated to the substitution of the defendant as counsel (hereinafter the July 2007 stipulation). On August 12, 2008, the Supreme Court dismissed the underlying action. The parties dispute the basis for the August 2008 dismissal. The plaintiff alleges that the August 2008 dismissal was based on the Supreme Court’s determination that more than one year had elapsed between the July 2005 order entered on the plaintiffs default and the May 2007 order vacating that default and restoring the action to the trial calendar, and that the underlying action was, thus, not restorable pursuant to the May 2007 order. He further alleges that, inasmuch as the defendant first withdrew as counsel under false pretenses, and had been reinstated as counsel in May 2007, the defendant’s failure to timely rectify the consequences of the March 2006 dismissal of the underlying action constituted legal malpractice. The defendant contends that the August 2008 dismissal was based on the failure of the plaintiff’s subsequent counsel to prosecute the underlying action. The only documentary evidence in the record as to the court’s reason for the August 2008 dismissal was an entry in the Supreme Court’s computerized calendar record indicating that the underlying action was dismissed “PER SFO J.EDB 3-23-2006.”
The plaintiff thereafter commenced the instant legal malpractice action, and the defendant moved, in effect, to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), (5) and (7). In an order dated July 5, 2011, the Supreme Court granted that branch of the defendant’s motion which was to dismiss the cause of action alleging legal malpractice, based on its conclusion that documentary evidence established that the underlying action was ultimately dismissed more than one year after the defendant was relieved as counsel, that events subsequent to the substitution of counsel could not be attributed to the defendant, and that, as a matter of law, the defendant’s refusal to advance the expert’s fee was not a proximate cause of the August 2008 dismissal. The Supreme Court also directed the dismissal of the causes of action alleging breach of contract, fraud, breach of fiduciary duty, and deceit as duplicative of the cause of action alleging legal malpractice. It further directed the dismissal of the remaining causes of action for failure to state a cause of action. In a judgment entered August 2, 2011, the Supreme Court dismissed the amended complaint.
“To succeed on a motion to dismiss [a complaint] pursuant to CPLR 3211 (a) (1), the documentary evidence relied on by the defendant must conclusively establish[ ] a defense to the asserted claims as a matter of law” (Ofman v Katz, 89 AD3d 909, *607 910 [2011] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). “[T]he documentary evidence . . . must be such that it resolves all factual issues as a matter of law” (Martin v New York Hosp. Med. Ctr. of Queens, 34 AD3d 650, 650 [2006] [internal quotation marks omitted]). “Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove [his or her] claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss” (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2006]).
In support of that branch of his motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action alleging legal malpractice, the defendant failed to present documentary evidence conclusively establishing a defense as a matter of law (see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [2012]; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997 [2010]; Fontanetta v John Doe 1, 73 AD3d 78, 85-86 [2010]; Holman v City of New York, 19 Misc 3d 600, 602 [2008]; David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:10). The plaintiff alleged in the amended complaint that the defendant committed legal malpractice in the underlying action by demanding that he pay the expert fee in advance, and, upon his refusal, fabricating a dispute as a pretext to be relieved as counsel on insufficient grounds, and thereafter failing to represent him further in the underlying action. The plaintiff also alleged that the defendant intentionally failed to provide him with proper notice of the motion to be relieved as counsel, so that he could not oppose it. He further alleged that the defendant’s malpractice caused the underlying action to be dismissed in March 2006 at a time when the defendant was still counsel of record. He also alleged that, inasmuch as the August 2008 dismissal was based on the Supreme Court’s conclusion that the underlying action was not restorable pursuant to the May 2007 order, the March 2006 order directing dismissal of the underlying action never was vacated.
However, the documentary evidence that the defendant submitted, consisting of the retainer agreement, court orders, the transcript of the hearing on the issue of whether his motion papers were served, the Supreme Court’s computerized calendar record, and the July 2007 stipulation, did not resolve all factual issues as a matter of law (see CPLR 3211 [a] [7]; McCoy v Feinman, 99 NY2d 295, 301-302 [2002]; Fischer v Langbein, 103 NY 84, 89-90 [1886]; Menardy v Gladstone Props., Inc., 100 AD3d *608 840, 842 [2012]; Adams v Fellingham, 52 AD3d 443, 444-445 [2008]; Martin v New York Hosp. Med. Ctr. of Queens, 34 AD3d at 650; George v George, 217 AD2d 913 [1995]; ERA Realty Co. v RBS Props., 185 AD2d 871, 873 [1992]; Cook v Cook, 157 NYS2d 770, 772 [1956]; Matter of Grube, 162 Misc 267, 268 [1937]; NY St Bar Assn Comm on Prof Ethics Op 653 [1993]). The unresolved issues included the issue of whether the August 2008 dismissal was based on the plaintiffs failure to prosecute the underlying action, based on a determination that the Supreme Court lacked authority pursuant to the May 2007 order to sua sponte vacate the March 2006 dismissal (see Menardy v Gladstone Props., Inc., 100 AD3d at 842; Adams v Fellingham, 52 AD3d at 444-445), or based on some other ground. Accordingly, the Supreme Court erred in granting that branch of the defendant’s motion.
Further, construing the amended complaint liberally, accepting the facts alleged in the amended complaint as true, and according the plaintiff the benefit of every possible inference, the plaintiff stated a cause of action alleging legal malpractice (see Leon v Martinez, 84 NY2d at 87-88; Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 255 [2012]; Harris v Barbera, 96 AD3d 904, 906 [2012]; Esposito v Noto, 90 AD3d 825 [2011]; Ofman v Katz, 89 AD3d at 910; Rock City Sound, Inc. v Bashian & Farber, LLP, 74 AD3d 1168, 1171 [2010]; Guayara v Harry I. Katz, P.C., 83 AD3d 661, 663 [2011]; Ruffino v New York City Tr. Auth., 55 AD3d 817, 818 [2008]; Kempf v Magida, 37 AD3d 763, 764 [2007]; Ashton v Scotman, 260 AD2d 332 [1999]).
Contrary to the plaintiffs contention, the causes of action alleging, respectively, breach of contract, fraud, and deceit are duplicative of the cause of action alleging legal malpractice, because they arose from the same facts as the legal malpractice cause of action, and do not allege distinct damages (see Santulli v Englert, Reilly & McHugh, 78 NY2d 700, 705 [1992]; Soni v Pryor, 102 AD3d 856, 858 [2013]; Pace v Raisman & Assoc., Esqs., LLP, 95 AD3d 1185, 1188-1189 [2012]; Daniels v Turco, 84 AD3d 858, 859 [2011]; Scartozzi v Potruch, 72 AD3d 787, 789 [2010]; Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, 303 AD2d 561, 562 [2003]; Saveca v Reilly, 111 AD2d 493 [1985]). Thus, the Supreme Court properly granted those branches of the defendant’s motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging, respectively, breach of contract, fraud, and deceit.
The Supreme Court properly granted the branch of the defendant’s motion which was to dismiss the cause of action alleging “tortious breach of contract” pursuant to CPLR 3211 (a) *609 (7), as New York does not recognize “tortious breach of contract” as a valid cause of action. In any event, construing the amended complaint liberally, accepting the facts alleged in the amended complaint as true, and according the plaintiff the benefit of every possible inference (see Leon v Martinez, 84 NY2d at 87-88; Harris v Barbera, 96 AD3d at 906; Esposito v Noto, 90 AD3d at 825; Ofman v Katz, 89 AD3d at 910; Guayara v Harry I. Katz, P.C., 83 AD3d at 663), the plaintiffs claim, in effect, to recover damages for breach of an implied covenant of good faith and fair dealing (see P.T.& L. Contr. Corp. v Trataros Constr., Inc., 29 AD3d 763 [2006]; Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce, 265 AD2d 513, 513-514 [1999]) was duplicative of the cause of action alleging legal malpractice (see Levi v Utica First Ins. Co., 12 AD3d 256, 257-258 [2004]; Canstar v Jones Constr. Co., 212 AD2d 452, 453 [1995]).
Contrary to the Supreme Court’s conclusion, the plaintiff stated a cause of action alleging violation of Judiciary Law § 487 (see CPLR 3211 [a] [7]; Judiciary Law § 487; Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]; Rock City Sound, Inc. v Bashian & Farber, LLP, 74 AD3d at 1172; Boglia v Greenberg, 63 AD3d 973, 975 [2009]; Kempf v Magida, 37 AD3d at 764; Izko Sportswear Co., Inc. v Flaum, 25 AD3d 534, 537 [2006]). The plaintiff alleged in the amended complaint that the defendant’s assertion, made in support of the motion to be relieved as counsel, that the plaintiff “steadfastly refused to pay the litigation expenses,” was knowingly false and was offered with the intent to deceive the Supreme Court into believing that the defendant originally had sufficient cause to be relieved as counsel (see Dupree v Voorhees, 102 AD3d 912, 913 [2013]). Thus, the Supreme Court should have denied that branch of the defendant’s motion which was to dismiss the cause of action alleging a violation of Judiciary Law § 487.
The Supreme Court properly granted that branch of the defendant’s motion which was to dismiss the cause of action alleging abuse of process pursuant to CPLR 3211 (a) (7) (see Curiano v Suozzi, 63 NY2d 113, 116 [1984]; Greco v Christoffersen, 70 AD3d 769, 770 [2010]). Contrary to the plaintiff’s contention, the defendant’s use of an order to show cause as a mechanism by which to seek to be relieved as counsel did not constitute abuse of process. CPLR 321 (b) (2) requires that a motion for leave to withdraw as counsel be made on “such notice to the client ... as the court may direct,” which necessarily entails the use of an order to show cause (see CPLR 2214 [d]; Wong v Wong, 213 AD2d 399 [1995]). “Where process is used for the purpose for which it was intended, a cause of action to *610 recover damages for abuse of process does not lie” (Dupree v Voorhees, 68 AD3d 807, 810 [2009]; see CPLR 2214 [d]). Moreover, contrary to the plaintiff’s contention, the order to show cause did not improperly compel the performance or forbearance of any act by the plaintiff (see CPLR 2214 [a]; 2219 [a]).
The parties’ remaining contentions either are not properly before this Court, are without merit, or have been rendered academic by our determination. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.