■ MICHELE FARKAS, Respondent, v ANTHONY MASCOLO, Appellant. [5 NYS3d 441]—

In an action to recover damages for a violation of Judiciary Law § 487, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated October 18, 2013, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action or, in effect, in the alternative, pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Queens County.

Ordered that the order is affirmed, with costs.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove [his or her] claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2006]; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Tooma v Grossbarth, 121 AD3d 1093, 1095 [2014]).

Here, construing the complaint liberally, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, as we are required to do, the plaintiff stated a cause of action to recover damages for a violation of Judiciary Law § 487 (see Palmieri v Biggiani, 108 AD3d 604, 609 [2013]; Dupree v Voorhees, 102 AD3d 912, 913 [2013]; cf. Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 758-759 [2014]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Further, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was, in effect, pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Queens County. The defendant failed to satisfy his burden of demonstrating that the convenience of material witnesses and the ends of justice would be better served by a change of venue (see CPLR 510 [3]; Lapidus

*v 1050 Tenants Corp.*, 94 AD3d 950, 950-951 [2012]; *Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908, 908-909 [2008]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 170, 172-173 [1995]). Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.