■ Kristina M. Armstrong, Respondent, v Blank Rome LLP et al., Appellants. [2 NYS3d 346]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 10, 2014, which, to the extent appealed from, denied defendants' motion to dismiss the Judiciary Law § 487 claim and to strike certain allegations in the complaint, unanimously affirmed, with costs.

The complaint states a claim for violation of Judiciary Law § 487 with sufficient particularity (*see Flycell, Inc. v Schlossberg LLC*, 2011 WL 5130159, *5, 2011 US Dist LEXIS 126024, *11-14 [SD NY Oct. 28, 2011, No. 11-CV-0915-CM]; *Greene v Greene*, 47 NY2d 447, 451 [1979]). Specifically, the complaint alleges that defendants concealed a conflict of interest that stemmed from defendant law firm's attorney-client relationship with Morgan Stanley while simultaneously representing plaintiff in divorce proceedings against her ex-husband, a senior Morgan Stanley executive, who participated in Morgan Stanley's decisions to hire outside counsel (*see* Rules of Profes-

sional Conduct [22 NYCRR 1200.0] rule 1.7 [a]). Contrary to defendants' argument, applying a liberal construction to the allegations in the complaint (*see e.g. Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), plaintiff identifies the nature of the conflict as stemming from defendants' interest in maintaining and encouraging its lucrative relationship with Morgan Stanley and the impact of that interest on defendants' judgement in its representation of plaintiff in the divorce proceedings (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a]).

Further, the complaint alleges numerous acts of deceit by defendants, committed in the course of their representation of plaintiff in her matrimonial action. Additionally, the complaint sufficiently alleges that the individual defendants knew of but did not disclose defendant law firm's representation of Morgan Stanley to plaintiff, and it details the calculations of her damages.

The court did not improvidently deny defendants' motion to strike allegations in the complaint regarding the conflict of interest, and it correctly found that the allegations complained of are relevant to the legal malpractice claim (*see Kaufman & Kaufman v Hoff*, 213 AD2d 197, 199 [1st Dept 1995]). Although an order denying a motion to strike scandalous or prejudicial matter from a pleading is not appealable as of right (*see* CPLR 5701 [b] [3]), we nevertheless reach this issue since plaintiff did not raise the issue of appealability (*see Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600 [1st Dept 2014]). Concur—Acosta, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.