■ LEWIS, BRISBOIS, BISGAARD & SMITH, LLP, Appellant, v LAW FIRM OF HOWARD MANN, Respondent, and HOWARD MANN, ESQ., Defendant/Third-Party Plaintiff-Respondent. MARK ANESH, Also Known as MARK KENNETH ANESH, et al., Third-Party Defendants-Appellants. [35 NYS3d 267]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff and the third-party defendants appeal from so much of an order of the Supreme Court, Rockland

County (Walsh II, J.), entered August 23, 2013, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the second, third, fourth, fifth, sixth, seventh, eighth and ninth counterclaims, and the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the plaintiff and the third-party defendants which were pursuant to CPLR 3211 (a) to dismiss the second, third, fourth, fifth and eighth counterclaims and the third cause of action in the third-party complaint, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On June 2, 2009, the plaintiff, Lewis, Brisbois, Bisgaard & Smith, LLP, and the defendants, the Law Firm of Howard Mann and Howard Mann, Esq., individually, entered into a written retainer agreement, pursuant to which the plaintiff was to represent the defendants in an underlying action commenced in the Supreme Court, Rockland County. On December 28, 2009, the parties filed an executed consent to change attorney form in that underlying action, pursuant to which the plaintiff was discharged as the defendants' attorney in the underlying action.

In January 2013, the plaintiff commenced this action against the defendants, inter alia, to recover unpaid legal fees for legal services it rendered. In an amended answer dated March 1, 2013, the defendants asserted nine counterclaims against the plaintiff. At that time, the defendants also, in effect, commenced a third-party action against the third-party defendants, attorneys Mark Anesh, also known as Mark Kenneth Anesh, and Matthew Leiss, also known as Matthew T. Leis, asserting four causes of action.

The Supreme Court properly denied those branches of the motion of the plaintiff and the third-party defendants (hereinafter collectively the appellants) which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the second, fourth, fifth, sixth and eighth counterclaims, as well as the first and third causes of action in the third-party complaint, all of which allege legal malpractice, breach of contract, or breach of fiduciary duty, as well as the ninth counterclaim and the fourth cause of action in the third-party complaint, which allege a violation of Judiciary Law § 487. "[C]laims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the Statute of Limitations, even though an independent action by defendant might have been time-barred

at the time the action was commenced" (*Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001]; *see* CPLR 203 [d]). In the instant matter, the subject counterclaims and third-party causes of action all arise from the transactions and occurrences upon which the complaint depends. Accordingly, they are not time-barred to the extent of the demand in the complaint (*see* CPLR 203 [d]). Since the appellants' motion did not address the applicability of CPLR 203 (d), the appellants did not establish their entitlement to dismissal pursuant to CPLR 3211 (a) (5).

However, the Supreme Court should have granted that branch of the appellants' motion which was to dismiss the second, fourth, fifth and eighth counterclaims and the third cause of action in the third-party complaint pursuant to CPLR 3211 (a) (7). Those claims are each duplicative of the sixth counterclaim and the first cause of action in the third-party complaint, which alleged legal malpractice, as they arise from the same set of facts and do not allege any distinct damages (*see Comprehensive Mental Assessment & Med. Care, P.C. v Gusrae Kaplan Nusbaum, PLLC*, 130 AD3d 670, 672 [2015]; *Palmieri v Biggiani*, 108 AD3d 604, 608 [2013]; *Soni v Pryor*, 102 AD3d 856 [2013]).

The ninth counterclaim and the fourth cause of action in the third-party complaint, alleging a violation of Judiciary Law § 487, stated cognizable claims and, thus, the Supreme Court did not err in declining to direct that they be dismissed pursuant to CPLR 3211 (a) (7) (*see Palmieri v Biggiani*, 108 AD3d 604 [2013]; *Sabalza v Salgado*, 85 AD3d 436 [2011]; *Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534 [2006]; *cf. Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756 [2014]). For the same reason, the court also properly denied dismissal of the seventh counterclaim and the second cause of action in the third-party complaint, which alleged that the plaintiff and the third-party defendants improperly withheld portions of the defendants' litigation file in the underlying action (*see Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn*, 91 NY2d 30 [1997]).

The Supreme Court should have directed the dismissal of the third counterclaim pursuant to CPLR 3211 (a) (7), as New York does not recognize an independent cause of action for the imposition of sanctions relating to frivolous actions (*see Cerciello v Admiral Ins. Brokerage Corp.*, 90 AD3d 967 [2011]).

We decline to address the issues raised by the defendants in connection with the Supreme Court's denial of their cross motion pursuant to CPLR 3211 and CPLR 3212, since they do not

cross-appeal from the order denying their cross motion (*see Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846 [2008]).

In light of our determination, we need not reach the appellants' remaining contentions. Eng, P.J., Austin, Cohen and Barros, JJ., concur.