Bill Birds, Inc. v Stein Law Firm, P.C. (2018 NY Slip Op 05743)





Bill Birds, Inc. v Stein Law Firm, P.C.


2018 NY Slip Op 05743


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-01939
 (Index No. 31940/10)

[*1]Bill Birds, Inc., et al., respondents, 
v
Stein Law Firm, P.C., et al., appellants.


L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Amy M. Monahan and James D. Spithogiannis of counsel), for appellants.
Peter Gallanter, Port Washington, NY (Thomas Torto of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered April 3, 2013. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487 is granted.
The defendants represented the plaintiffs in a trademark dispute against Equity Management, Inc. (hereinafter EMI), and General Motors, Service Parts Operation (hereinafter GM). In 2006, the defendants commenced an action (hereinafter the underlying action) on the plaintiffs' behalf against EMI and GM in the United States District Court for the Eastern District of New York, alleging breach of a trademark licensing agreement and fraud. The complaint alleged that EMI and GM misrepresented to the plaintiffs that they had an ownership interest in the licensed products which in fact they did not have. On March 31, 2008, the court in the underlying action granted the motion of EMI and GM to dismiss the action on the ground that the parties' agreement required that disputes relating to the agreement be commenced in the federal or state courts in Michigan.
Thereafter, the plaintiffs commenced the instant action against the defendants asserting causes of action to recover damages for legal malpractice, breach of contract, fraud, and a violation of Judiciary Law § 487. In the complaint, the plaintiffs set forth two alternative theories of liability. Under the theory premised upon legal malpractice, the plaintiffs asserted that they had meritorious claims against EMI and GM, and solely due to the defendants' negligence, they were unable to recover monetary damages in the underlying action because the defendants failed to commence an action in the proper forum, and the statute of limitations had run. The plaintiffs further alleged fraud and a violation of Judiciary Law § 487, in that the defendants misrepresented the merits of the underlying action to them and to the court in the underlying action, in order to induce the plaintiffs to retain the defendants' services to prosecute a meritless action and pay legal fees.
The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted those branches of the defendants' motion which were to dismiss the causes of action to recover damages for legal malpractice, breach of contract, and fraud. However, the court [*2]denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging that, in violation of Judiciary Law § 487, the defendants, with full knowledge that the plaintiffs' claims in the underlying action were wholly devoid of merit, falsely represented to them that they had superior rights to the trademarks for the sole purpose of inducing the plaintiffs to retain their services, causing specific damages, i.e., payment by the plaintiffs of legal fees to the defendants (see generally Farkas v Mascolo, 125 AD3d 925; Palmieri v Biggiani, 108 AD3d 604). The court concluded that a triable issue of fact existed as to whether the plaintiffs sustained special damages as a result due to the defendants' alleged deceit or an alleged "chronic, extreme pattern of legal delinquency." The defendants appeal.
Contrary to the defendants' contention, the cause of action alleging a violation of Judiciary Law § 487 was not duplicative of the cause of action alleging legal malpractice. "A violation of Judiciary Law § 487 requires an intent to deceive, whereas a legal malpractice claim is based on negligent conduct" (Moormann v Perini & Hoerger, 65 AD3d 1106, 1108; see Lauder v Goldhamer, 122 AD3d 908, 911; Sabalza v Salgado, 85 AD3d 436, 438).
Nevertheless, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487. A chronic extreme pattern of legal delinquency is not a basis for liability pursuant to Judiciary Law § 487 (see Dupree v Voorhees, 102 AD3d 912, 913). Further, the plaintiffs failed to allege sufficient facts demonstrating that the defendant attorneys had the "intent to deceive the court or any party" (Judiciary Law § 487; see Schiller v Bender, Burrow, & Rosenthal, LLP, 116 AD3d 756, 759; Agostini v Sobol, 304 AD2d 395, 396). Allegations regarding an act of deceit or intent to deceive must be stated with particularity (see CPLR 3016[b]; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615; Armstrong v Blank Rome LLP, 126 AD3d 427; Putnam County Temple & Jewish Ctr., Inc. v Rhinebeck Sav. Bank, 87 AD3d 1118, 1120). That the defendants commenced the underlying action on behalf of the plaintiffs and the plaintiffs failed to prevail in that action does not provide a basis for a cause of action alleging a violation of Judiciary Law § 487 to recover the legal fees incurred.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court