Wells Fargo Bank, N.A. v Mitselmakher (2021 NY Slip Op 04782)





Wells Fargo Bank, N.A. v Mitselmakher


2021 NY Slip Op 04782


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-02278
 (Index No. 135561/14)

[*1]Wells Fargo Bank, N.A., respondent-appellant,
v
Sofia Mitselmakher, et al., defendants, Adam Plotch, appellant-respondent.


Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellant-respondent.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent-appellant.



DECISION & ORDER
In a consolidated action, inter alia, to foreclose a mortgage, the defendant Adam Plotch appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated December 19, 2018. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was to strike that defendant's notice of rejection of the plaintiff's reply to counterclaims, and (2) granted those branches of the plaintiff's separate motion which were pursuant to CPLR 3211(a)(7) to dismiss that defendant's first through third counterclaims. The order, insofar as cross-appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3211(a)(7) to dismiss that defendant's fourth through ninth counterclaims.
ORDERED that upon the stipulation of the parties dated November 30, 2020, the cross appeal is dismissed as withdrawn; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Many of the relevant facts underlying this appeal are set forth in this Court's decision and order on two related appeals (see Wells Fargo Bank, N.A. v Mitselmakher, _____ AD3d _____ [Appellate Division Docket Nos. 2018-07123 and 2018-08459; decided herewith]).
On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), the court "must accept [the] facts as alleged . . . and submissions in opposition [as true], accord [the pleading party] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88; KST2 Props., LLC v Pretee Constr. Co., Inc., 192 AD3d 785).
Here, contrary to the contention of the defendant Adam Plotch, the Supreme Court properly granted those branches of the plaintiff's motion which were pursuant to CPLR 3211(a)(7) to dismiss his first through third counterclaims. To the extent that these counterclaims purport to [*2]allege independent causes of action for the imposition of sanctions, New York does not recognize an independent cause of action for the imposition of sanctions relating to frivolous actions (see Zuniga v BAC Home Loan Servicing, L.P., 147 AD3d 882, 884; Lewis, Brisbois, Bisgaard & Smith, LLP v Law Firm of Howard Mann, 141 AD3d 574, 576; Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d 967, 968). Moreover, in the related appeals, this Court rejected the contentions made by Plotch against the plaintiff pursuant to RPAPL 1301 and CPLR 306-b, which served as the basis for these counterclaims.
Plotch's remaining contentions are without merit.
MASTRO, J.P., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court